UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:25-cr-255-JLB-SPF

JONATHAN FRANK BARNER

**NOTICE OF ESSENTIAL ELEMENTS,
MAXIMUM PENALTIES, AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney

for the Middle District of Florida, hereby files this Notice of Essential Elements of

the Offense, Maximum Penalties, and Factual Basis, stating as follows:

I.      ESSENTIAL ELEMENTS

The Indictment charges one count under 18 U.S.C. § 641. The essential

elements of the charged offense are as follows:

| | |
|---|---|
| First: | The defendant knowingly received, concealed, or retained money or property of value; |
| Second: | The money or property belonged to the United States; |
| Third: | The defendant knew that the money or property had been embezzled, stolen, or converted; |
| Fourth: | The defendant intended to convert the money or property to his own use or gain; and |
| Fifth: | The value of the money or property was more than $1,000. |

## II.    MAXIMUM PENALTY

The maximum penalty for the charged offense is: a term of up to 10 years' imprisonment; a fine of up to $250,000; a term of supervised release of up to 3 years; and a mandatory special assessment of $100. Restitution to the victim of the offense is mandatory.

Additionally, the defendant must forfeit property, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as outlined in the Indictment. Among the items that will be forfeited are the following: the $107,175 in proceeds the defendant obtained as a result of the commission of the offense to which the defendant is pleading guilty.

## III.    FACTUAL BASIS

Social Security beneficiary B.W. died on September 10, 2021, at age 97.  At the time of her death, B.W. was residing in Port Richey, Florida, and receiving monthly Social Security retirement insurance benefits, which were direct deposited into a Financial Institution #1 checking account ending #3461. The Social Security Administration (SSA) was not notified of B.W.'s death and continued to direct deposit her benefits into this checking account.

Bank records show the account was opened on October 11, 2000, with two co-owners and signatories: B.W. and her daughter R.B. R.B. continued to receive and spend B.W.'s Social Security benefits until her own death on May 16, 2013, at age 72. R.B.'s death certificate lists the defendant, Jonathan BARNER, R.B.'s son, as the informant, with an address of XXXX Alma Street, New Port Richey, FL 34652.

Bank statements for Financial Institution #1 account #3461 show that in June 2017, the address for the account was changed from XXXX Alma St., New Port Richey to XXXX Drift Tide Dr., Port Richey. In February 2018, the address was again changed to XXXX James St., New Port Richey. In October 2019, the address was changed to XXX N. State St., Genoa, Illinois. Bank records show that R.B.'s contact information on the account was updated to reflect the defendant's phone number and email address, though the account remained solely in names of B.W. and R.B.

From 2017 through 2019, the bank account was funded exclusively with B.W.'s monthly Social Security benefits. The deposits were labeled: "SSA TREAS 310 DES:XXSOC SEC ID:XXXXXXXXXA SSA INDN:[B.W.'s name spelled out]." The defendant spent that money via check debits and peer-to-peer transfers out of the account to "Jonathan."

Bank statements from 2020 and 2021 show additional deposits besides the monthly Social Security benefits, including several checks written to and deposited by the defendant, and online banking transfers. The defendant made a variety of ATM withdrawals and debit transactions from retail establishments in New Port Richey, Genoa, Illinois, and Clarksville, Tennessee, where his daughter lived, using a debit card in R.B.'s name.

Between 2022 and 2023, the bank account was funded exclusively with B.W.'s Social Security benefits. In 2022, the defendant continued to withdraw the money primarily through ATM withdrawals and debit charges in and around Genoa,

3

Illinois. He also made a few ATM withdrawals in New Port Richey, Florida, in June 2022. The last debit was on April 23, 2023, and the ending account balance following this debit was $0.00. The account was forced closed on September 1, 2023.

The defendant accessed the bank account online approximately 4,376 times between October 2020 and January 2024, using the Logon and Access ID "jbarner7."

In total, the defendant knowingly received $107,175 in Social Security benefits to which he was not entitled and knowingly converted this money to his own use. All this money belonged to the United States.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ *Matthew J. Del Mastro*
Matthew J. Del Mastro
Special Assistant United States Attorney
USAO No. 203
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Matthew.Del.Mastro@usdoj.gov

**U.S. v. Barner**                                          **Case No. 8:25-cr-255-JLB-SPF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ryan Maguire, Esq.
Counsel for the Defendant


/s/ *Matthew J. Del Mastro*
Matthew J. Del Mastro
Special Assistant United States Attorney
USAO No. 203
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: Matthew.Del.Mastro@usdoj.gov