UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:25-cr-255-JLB-SPF

JONATHAN FRANK BARNER

**UNITED STATES' MOTION
FOR ORDER OF FORFEITURE**

The United States moves this Court, pursuant 18 U.S.C. § 981(a)(1)(C), 28

U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), to enter an

order of forfeiture against the defendant in the amount of $107,175, which is the

proceeds that the defendant admits he obtained from the theft of government funds

offense to which he pleaded guilty. In support, the United States submits the

following.

**MEMORANDUM OF LAW**

I.      **Statement of Facts**

        A.      **Allegations Against the Defendant**

        1.      The defendant was charged in an Indictment with theft of government

money, in violation of 18 U.S.C. § 641. Doc. 1.

        2.      The Indictment contained forfeiture allegations putting the defendant

on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the

United States would seek an order of forfeiture in the amount of at least $107,175, representing the proceeds the defendant obtained from the offense. *Id.* at 2.

### B.    Finding of Guilt and Admissions Related to Forfeiture

3.    On May 18, 2026, without the benefit of a plea agreement, the defendant pled guilty to Count One of the Indictment. Docs. 51 and 52. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 56.

4.    The defendant's plea to the charges, and the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis, established that the defendant knowingly and willfully received funds from the government that did not belong to him. Doc. 42 at 2-4. Social Security beneficiary B.W. died on September 10, 2021. *Id.* at 2. At the time of her death, B.W. was receiving monthly Social Security retirement insurance benefits, which were direct deposited into a Financial Institution #1 checking account ending in #3461. *Id.* Records show that B.W. and her daughter were co-owners and signatories on the account until her daughter's death in 2013. *Id.* B.W.'s daughter's death certificate listed her son, the defendant, as the informant, with an address on Alma Street, New Port Richey, Florida. *Id.* Bank statements show that in 2017, the address for account #3461 was changed to the defendant's Alma Street address. *Id.* at 3. Records also show that B.W.'s daughter's contact information on the account was updated to reflect the defendant's phone number and email address, though the account remained solely in the names of B.W. and her daughter. From 2017 through 2019,

2

the bank account was funded exclusively with B.W.'s monthly Social Security benefits. *Id.* at 3. The defendant spent that money via check debits and Zelle transfers out of the account to "Jonathan." *Id.* Between 2022 and 2023, the bank account was funded exclusively with B.W.'s Social Security benefits. *Id.* In 2022, the defendant continued to withdraw the money primarily through ATM withdrawals and debit charges. *Id.* at 3-4. In total, the defendant knowingly received $107,175 in Social Security benefits to which he was not entitled and knowingly converted this money to his own use. *Id.* at 4. All this money belonged to the United States. *Id.*

## II.   Applicable Law

### A.   Forfeiture Statute

The Court's authority to order civil forfeiture of property for a violation of 18 U.S.C. § 641 is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes violations of 18 U.S.C. § 641. Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

B.    **Court's Determination of Forfeiture**

Pursuant to Rule 32.2(b)(2), because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his theft of funds from the government, the United States seeks an order of forfeiture against the defendant in the amount of proceeds obtained by him from the offense. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1) provides that the Court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established by the defendant's plea and in the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis, the defendant personally obtained $107,175 in proceeds as a result of his theft of government funds offense. If the Court finds that the defendant obtained at least $107,175 as a result of his offense and that he has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III.   Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2), enter an Order of Forfeiture against the defendant in the amount of $107,175, for which he will be held liable.

The United States further requests that, because the $107,175 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $107,175.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:   *s/Suzanne C. Nebesky*
      SUZANNE C. NEBESKY
      Assistant United States Attorney
      Fla. Bar No. 59377
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602
      Tel:    (813) 274 6000
      E-mail: suzanne.nebesky@usdoj.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

_s/ Suzanne C. Nebesky_
SUZANNE C. NEBESKY
Assistant United States Attorney