UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-255-JLB-SPF

JONATHAN FRANK BARNER

# UNITED STATES' SENTENCING MEMORANDUM

The United States recommends the Court sentence the defendant to 21 months of imprisonment, which represents the low end of the applicable Guidelines range (12/IV). As discussed below, this sentence is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Over the course of a decade, the defendant stole $107,175 belonging to the United States (Docs. 1, 42 at pp. 2-4, and 64 at ¶¶ 7-14). Specifically, from 2013 through 2023, the defendant continually accessed a bank account that was not in his name to steal Social Security retirement insurance benefits intended for his deceased grandmother (SSA) (*Id.*). Incorrectly believing the grandmother to still be alive, the Social Security Administration continued to make deposits of monthly benefits into her bank account (*Id.*). Rather than reporting her death to the Social Security Administration, the defendant continued to withdrew and spend the money on his own expenses until the Social Security Administration stopped making payments and the account was exhausted in April 2023 (*Id.*).

On May 28, 2025, a federal grand jury returned a one-count Indictment charging the defendant with theft of government money, in violation of 18 U.S.C. § 641 (Doc. 1). The defendant made his initial appearance in the Northern District of Illinois on July 24, 2025, and was released on conditions (Docs. 5, 5-1, 5-2). On May 18, 2026, the defendant appeared before Magistrate Judge Sean Flynn and pleaded guilty to the Indictment, without a plea agreement (Docs. 51, 52). On June 2, 2026, the Court accepted the defendant's plea and adjudicated him guilty (Doc. 56).

During the pendency of this case, the defendant has violated his conditions of release on three occasions—in January 2026, March 2026, and June 2026—each time by consuming alcohol (Doc. 64 at ¶ 6). As a result, the Court added additional alcohol testing and monitoring to the defendant's conditions of release (Docs. 55, 70).

The initial Presentence Investigation Report (PSR) calculates a Guidelines range of imprisonment of 21 to 27 months based on a total offense level of 12 and a criminal history category of IV (Doc. 64 at ¶¶ 28, 43-44, 83).[1]

## II. APPLICATION OF THE SECTION 3553(a) FACTORS

A sentence of 21 months' imprisonment is appropriate considering the 18 U.S.C. § 3553(a) factors. This is a serious and longstanding offense. *See* 18 U.S.C. § 3553(a)(1). As set forth above, over the course of a decade, the defendant continually accessed a bank account that was not in his name to withdraw and spend

[1] The final PSR has not yet been filed.

over $100,000 in money that belonged to the United States, not to him. This is not a victimless crime. The money the defendant stole comes from the Social Security Old Age and Survivors Insurance (OASI) Trust Fund, which is funded by hardworking Americans through payroll taxes. This is not a limitless fund, and concerns about depletion of the Fund's reserves are well documented. *See, e.g.*, A Summary of the 2026 Annual Reports of the Trustees of the Social Security and Medicare Trust Funds, *available at*: https://www.ssa.gov/oact/trsum/ (last accessed Aug. 22, 2026). The benefits the defendant took are benefits that could have, and should have, been paid to eligible retirees.

As to the defendant's history and characteristics under section 3553(a)(1), the defendant has a significant criminal history that includes convictions for aggravated battery—great bodily harm; aggravated robbery; domestic violence; three instances of driving under the influence of alcohol; and two instances of driving with a suspended or revoked license and obstructing law enforcement (Doc. 64 at ¶¶ 31-42). He has pending charges in the State of Illinois from 2017 (within the offense period in this case), for aggravated driving under the influence and aggravated driving on a revoked or suspended license, a criminal case for which he is also under State supervision (*Id.* at ¶ 56). The defendant's criminal history makes clear why the Northern District of Illinois imposed an alcohol consumption condition: not only does the defendant have a long and repeated history of driving under the influence, he also has a repeated history of driving on a revoked or suspended license, showing

he has not been deterred by the loss of driving privileges. Despite this troubling history with alcohol and the availability of alcohol treatment (Doc. 64 at ¶ 73), the defendant has shown a disregard for his conditions of release in this case and repeatedly used alcohol (Docs. 55, 64 at ¶6; 70).

Overall, a Guidelines sentence of 21 months is necessary to reflect the seriousness of the offense, promote respect for the rule of law, provide just punishment for the offense, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A),(C). Further, an incarcerative sentence also serves an important general deterrent function. *Id.* § 3553(a)(2)(B). As this case reflects, there is a temptation for individuals with access to bank accounts or debit cards belonging to deceased relatives or others not to notify the Social Security Administration of the deaths and instead take the continuing benefit payments and use them on their own expenses. An incarcerative sentence sends an important message that this is a serious crime that will not be tolerated. Finally, a sentence at the low-end of the Guidelines sufficiently accounts for the mitigating circumstances described in the PSR regarding the defendant's childhood and upbringing (Doc. 64 at ¶¶ 58-59).

## III. CONCLUSION

For the foregoing reasons, the United States recommends that the Court sentence the defendant to 21 months' imprisonment, which represents the low end of the applicable Guidelines range. The United States further requests that the Court

incorporate the Order of Forfeiture (Doc. 59) into the Judgement, and also order the defendant to pay restitution to the Social Security Administration in the amount of $107,175 (*see* Doc. 64 at ¶ 93).

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Matthew J. Del Mastro*
Matthew J. Del Mastro
Special Assistant United States Attorney
USAO No.: 203
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: matthew.del.mastro@usdoj.gov

**U.S. v. Jonathan Frank Barner** **Case No. 8:25-cr-255-JLB-SPF**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Rayn Maguire, Esq.
Attorney for Defendant

/s/ *Matthew J. Del Mastro*
Matthew J. Del Mastro
Special Assistant United States Attorney
USAO No.: 203
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: matthew.del.mastro@usdoj.gov