**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 8:25-cr-255-JLB-SPF**

**JONATHAN FRANK BARNER**
**_________________________________/**

**AMENDED MOTION TO CONTINUE SENTENCING AND ASSOCIATED DEADLINES**

Defendant, Jonathan Frank Barner, by and through undersigned counsel and pursuant to Local Rule 3.08, files this amended motion to continue the sentencing hearing presently set for September 1, 2026, to a date after November 1, 2026, and to extend any associated sentencing deadlines accordingly. This amended motion supplements the grounds stated in Defendant's previously filed Motion to Continue Sentencing (Doc. 75). In addition to the transportation-related hardship described there, a continuance until after November 1, 2026, will permit the Court to sentence Mr. Barner under amendments to the United States Sentencing Guidelines scheduled to take effect on that date that materially reduce the guideline calculation applicable to his offense. As grounds in support thereof, Mr. Barner states:

1. On May 28, 2025, a one-count indictment was returned charging Mr. Barner with theft of government money, in violation of 18 U.S.C. § 641. Doc. 1. Mr. Barner pleaded guilty before the Honorable Sean P. Flynn,

United States Magistrate Judge, on May 18, 2026, and the Court thereafter accepted his plea and set sentencing for September 1, 2026. Docs. 51, 52, 56.

2. On August 10, 2026, Mr. Barner appeared in person in Tampa for a hearing concerning alleged violations of his conditions of release. After hearing from the parties and Pretrial Services, the Court continued the hearing until August 12, 2026. Doc. 65. The Court then noticed the continued hearing for August 12, 2026, at 2:00 p.m. Doc. 66.

3. Because the August 10 hearing was continued for two days, Mr. Barner was required to remain in Tampa for two additional nights and incurred unanticipated hotel expenses that were not part of his original travel plans.

4. On August 12, 2026, the Court resumed the bond-revocation hearing. The Court denied the Government's request for detention and permitted Mr. Barner to remain on release subject to a modified condition requiring him to purchase and use the SCRAM Continuous Alcohol Monitoring System of Illinois and to bear the cost of that monitoring. Docs. 69–71.

5. Mr. Barner then paid an additional $315 to have the continuous alcohol monitor installed. Because the provider's next available appointment was August 17, 2026, Mr. Barner sought and received permission to have the monitor installed on that date. Docs. 72–73.

6. The continuation of the hearing also prevented Mr. Barner from using his previously purchased round-trip flight for his return travel. He therefore incurred an additional expense to return to Chicago by Greyhound bus. See Doc. 72-1.
7. The combined cost of the two additional hotel nights, replacement return transportation, and the $315 monitor installation materially depleted the limited funds Mr. Barner otherwise would have available to travel back to Tampa for sentencing on September 1. This continuance will allow him to replenish those funds and arrange reliable transportation to appear for sentencing.
8. The defense previously requested an approximately thirty-day continuance to permit Mr. Barner to replenish those funds and arrange reliable transportation. Doc. 75. Since filing that motion, an additional basis supports continuing sentencing until after November 1, 2026: amendments to the United States Sentencing Guidelines scheduled to take effect on November 1, 2026, will reduce the loss enhancement applicable to Mr. Barner's offense by two levels.
9. The government opposes this motion.
10. The offense involved $107,175 in loss and that the current guideline calculation results in a total offense level of 12 and a criminal history category of IV. *See generally* PSR at Doc. 76. Under the current version

of U.S.S.G. § 2B1.1(b)(1), a loss greater than $95,000 results in an eight-level increase. The 2026 amendment to § 2B1.1(b)(1), effective November 1, 2026, raises the threshold for that eight-level increase to losses greater than $150,000; a loss greater than $55,000 but not more than $150,000 will instead result in a six-level increase. Thus, based on the $107,175 loss amount, the amended guideline will reduce Mr. Barner's offense level by two levels.

11. Because U.S.S.G. § 1B1.11(a) generally directs the sentencing court to use the Guidelines Manual in effect on the date of sentencing, sentencing Mr. Barner after November 1, 2026, would allow the Court to apply the amended loss table. A brief continuance until after the effective date will therefore avoid sentencing Mr. Barner under a guideline provision that is scheduled to become more favorable only weeks later and will promote a sentence based on the Commission's most current assessment of the appropriate punishment for economic offenses.

## MEMORANDUM OF LAW

Local Rule 3.08(a) requires a party seeking a continuance to move timely and explain in detail why the continuance is warranted. The Court's June 2, 2026 acceptance-of-plea order likewise requires that a motion to continue sentencing state the other party's support or opposition. Doc. 56. The present request is supported by two concrete considerations. First, Mr. Barner recently

incurred substantial and unforeseen expenses associated with his August 10 and August 12 court appearances, replacement return transportation, and the Court-ordered continuous alcohol monitoring, leaving him needing additional time to accumulate the funds necessary to travel from the Chicago area to Tampa. Second, the Sentencing Commission has promulgated an amendment to § 2B1.1(b)(1), effective November 1, 2026, that raises the loss thresholds and, on the $107,175 loss amount identified by the Government, reduces the applicable loss enhancement from eight levels to six levels. See U.S.S.G. § 2B1.1(b)(1) (2025); U.S. Sent'g Comm'n, 2026 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary 14 (effective Nov. 1, 2026). Because § 1B1.11(a) generally applies the Guidelines Manual in effect on the date of sentencing, continuing sentencing until after November 1 will permit the Court to apply the amended guideline directly rather than sentence Mr. Barner shortly before a material two-level reduction takes effect. The request is made in good faith, in the interest of justice, and not for unnecessary delay.

WHEREFORE, Defendant Jonathan Frank Barner respectfully requests that this Court enter an Order continuing the September 1, 2026 sentencing hearing to a date after November 1, 2026, convenient to the Court, and extending any associated sentencing deadlines accordingly.

DATED this 26th day of August, 2026.

Respectfully submitted,

**CHARLES L. PRITCHARD, JR.**
**FEDERAL PUBLIC DEFENDER**

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Public Defender
Florida Bar No. 117534
400 North Tampa St., Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of August, 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to:

Matthew Del Mastro, AUSA

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Public Defender