UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-255-JLB-SPF

JONATHAN FRANK BARNER

# UNITED STATES' AMENDED SENTENCING MEMORANDUM

On August 22, 2026, the United States filed its Sentencing Memorandum consistent with the prior scheduled sentencing date in this case (Doc. 74). Since then, the sentencing hearing has been continued to November 4, 2026, and there have been developments in the case which the United States seeks to address in this Amended Sentencing Memorandum. Most notably, the new Sentencing Guidelines take effect on November 1, 2026, which reduce the defendant's total offense level from 12 to 10. The United States had previously recommended that the Court sentence the defendant to 21 months of imprisonment, which represented the low end of the previously-applicable Guidelines range (12/IV) (Doc. 74). The United States maintains its recommendation that the Court should sentence the defendant to 21 months' of imprisonment, which represents the high end of the new Guidelines range (10/IV). As discussed below, this sentence is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Over the course of a decade, the defendant stole $107,175 belonging to the United States (Docs. 1, 42 at pp. 2-4, and 80 at ¶¶ 7-14). Specifically, from 2013

through 2023, the defendant continually accessed a bank account that was not in his name to steal Social Security retirement insurance benefits intended for his deceased grandmother (SSA) (*Id.*). Incorrectly believing the grandmother to still be alive, the Social Security Administration continued to make deposits of monthly benefits into her bank account (*Id.*). Rather than reporting her death to the Social Security Administration, the defendant continued to withdraw and spend the money on his own expenses until the Social Security Administration stopped making payments and the account was exhausted in April 2023 (*Id.*).

On May 28, 2025, a federal grand jury returned a one-count Indictment charging the defendant with theft of government money, in violation of 18 U.S.C. § 641 (Doc. 1). The defendant made his initial appearance in the Northern District of Illinois on July 24, 2025, and was released on conditions (Docs. 5, 5-1, 5-2). On May 18, 2026, the defendant appeared before Magistrate Judge Sean Flynn and pleaded guilty to the Indictment, without a plea agreement (Docs. 51, 52). On June 2, 2026, the Court accepted the defendant's plea and adjudicated him guilty (Doc. 56).

During the pendency of this case, the defendant has violated his conditions of release on three occasions—in January 2026, March 2026, and June 2026—each time by consuming alcohol (Doc. 80 at ¶ 6). As a result, the Court added additional alcohol testing and monitoring to the defendant's conditions of release (Docs. 55, 70).

The Amended Final Presentence Investigation Report (Amended Final PSR) filed on October 28, 2026, calculates a Guidelines range of imprisonment of 15 to 21 months based on a total offense level of 10 and a criminal history category of IV (Doc. 80 at ¶¶ 28, 43-44, 83). The Amended Final PSR incorporates the relevant changes in the Sentencing Guidelines that take effect on November 1, 2026 (*Id.* at ¶ 21).

## II. APPLICATION OF THE SECTION 3553(a) FACTORS

A sentence of 21 months' imprisonment is appropriate considering the 18 U.S.C. § 3553(a) factors. This is a serious and longstanding offense. *See* 18 U.S.C. § 3553(a)(1). As set forth above, over the course of a decade, the defendant continually accessed a bank account that was not in his name to withdraw and spend over $100,000 in money that belonged to the United States, not to him. This is not a victimless crime. The money the defendant stole comes from the Social Security Old Age and Survivors Insurance (OASI) Trust Fund, which is funded by hardworking Americans through payroll taxes. This is not a limitless fund, and concerns about depletion of the Fund's reserves are well documented. *See, e.g.*, A Summary of the 2026 Annual Reports of the Trustees of the Social Security and Medicare Trust Funds, *available at*: https://www.ssa.gov/oact/trsum/ (last accessed Oct. 28, 2026). The benefits the defendant took are benefits that could have, and should have, been paid to eligible retirees.

As to the defendant's history and characteristics under section 3553(a)(1), the defendant has a significant criminal history that includes convictions for aggravated battery—great bodily harm; aggravated robbery; domestic violence; three instances of driving under the influence of alcohol; and two instances of driving with a suspended or revoked license and obstructing law enforcement (Doc. 80 at ¶¶ 31-42). He has pending charges in the State of Illinois from 2017 (within the offense period in this case), for aggravated driving under the influence and aggravated driving on a revoked or suspended license, a criminal case for which he is also under State supervision (*Id.* at ¶ 56). The defendant's criminal history makes clear why the Northern District of Illinois imposed an alcohol consumption condition: not only does the defendant have a long and repeated history of driving under the influence, he also has a repeated history of driving on a revoked or suspended license, showing he has not been deterred by the loss of driving privileges. Despite this troubling history with alcohol and the availability of alcohol treatment (Doc. 80 at ¶ 73), the defendant has shown a disregard for his conditions of release in this case and repeatedly used alcohol (Docs. 55, 80 at ¶6; 70).

Overall, a Guidelines sentence of 21 months is necessary to reflect the seriousness of the offense, promote respect for the rule of law, provide just punishment for the offense, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A),(C). Further, an incarcerative sentence also serves an important general deterrent function. *Id.* § 3553(a)(2)(B). As this case

reflects, there is a temptation for individuals with access to bank accounts or debit cards belonging to deceased relatives or others not to notify the Social Security Administration of the deaths and instead take the continuing benefit payments and use them on their own expenses. An incarcerative sentence sends an important message that this is a serious crime that will not be tolerated. Finally, a sentence at the high-end of the Guidelines sufficiently accounts for the mitigating circumstances described in the PSR regarding the defendant's childhood and upbringing (Doc. 76 at ¶¶ 58-59).

The defendant moved to continue sentencing until after November 1, 2026, for the explicit purpose of taking advantage of the new table in USSG § 2B1.1(b)(1), which raised the loss amounts required for various increases in offense level (Doc. 75). As a result, the defendant's theft of $107,175 now results in 6-level increase in the base offense level instead of the previous 8-level increase. The government opposed the motion (Doc. 75 at p.3), in part because the theft in this case occurred over a period of ten years, from 2013 through 2023 (Docs. 1, 80 at ¶¶ 8-12). The Sentencing Commission's stated purpose of the Guidelines amendment to the table in USSG §2B1.1(b)(1) was to amend the monetary tables in the guidelines to adjust for inflation, with the last amendment having occurred in 2015. *See* Amendments to the Sentencing Guidelines, 2. Inflationary Adjustments, at p.27 (citing USSG App. C amend. 791 (effective Nov. 1, 2015)), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-

amendments/202605_RF.pdf (last accessed Oct. 28, 2026). As the Sentencing Commission explained: "Due to inflationary changes, there has been a gradual decrease in the value of the dollar over time. As a result, monetary losses in current offenses reflect, to some degree, a lower degree of harm and culpability *than equivalent amounts when the monetary tables were last substantively amended*." *Id.* (emphasis added).

To be clear, the United States does not dispute that the new Guidelines should apply when the defendant is sentenced on November 4, 2026. However, the timeframe of the defendant's theft, which began *before the last inflationary adjustment to the Sentencing Guidelines in 2015*, and continued for a decade, provides important context for evaluating the degree of harm and culpability caused by the defendant's offense. In other words, the value of the dollar was worth more when the defendant began stealing money and throughout the course of the offense than it is today, meaning that the degree of harm and culpability was higher. *See id.* This provides further support for the government's request for a high-end Guidelines sentence.

## III. DEFENDANT'S OBJECTIONS TO THE PSR

After the government filed its prior sentencing memorandum and Probation filed its Final PSR (Docs. 74 and 76), the defendant objected to Probation's inclusion of two criminal convictions that each score criminal history points and impact the defendant's criminal history category (Doc. 80 at ¶¶ 36, 41, 43-44 and pp. 19-20). As the Amended Final PSR explains, the Clerk of the Court where those convictions

occurred (Bismarck, North Dakota Municipal Court) confirmed that the underlying records of the convictions are no longer available (*see id.*). However, the "Register of Actions" (docket reports) for both cases are still publicly available on the North Dakota State Court website; were obtained by the Probation Officer and provided to the defendant; and are attached to this memorandum (*See* Attachments 1 and 2). Those docket reports confirm the information in the PSR regarding the nature and date of the convictions and sentences for these offenses (*Id.*). Additionally, the Probation Officer received from the Bismarck, North Dakota Police Department and provided to the parties Incident Reports for each case, which contain narratives of the offenses and correlate to the relevant information about offenses and dates contained on the docket reports (*See* Attachments 3 and 4).

These documents provide sufficient indicia of reliability to support the determinations in paragraphs 36 and 41 of the Amended Final PSR that the defendant received the convictions and sentences specified therein. *See* USSG §6A1.3. The defendant provides no authority holding that these types of documents are not sufficiently reliable to establish the fact of conviction/sentence for purposes of scoring criminal history points at sentencing. The government has proven by a preponderance of the evidence that the defendant was convicted and sentenced as specified, and the Court should accept the associated criminal history points. *See United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999); *see also United States v. Roebuck*, 517 F. App'x 867, 870-71 (11th Cir. 2013); 18 U.S.C. § 3661 ("No

limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.”).

## IV. CONCLUSION

For the foregoing reasons, the United States recommends that the Court sentence the defendant to 21 months’ imprisonment, which represents the high end of the applicable Guidelines range. The United States further requests that the Court incorporate the Order of Forfeiture (Doc. 59) into the Judgement, and also order the defendant to pay restitution to the Social Security Administration in the amount of $107,175 (*see* Doc. 80 at ¶ 93).

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Matthew J. Del Mastro*
Matthew J. Del Mastro
Special Assistant United States Attorney
USAO No.: 203
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: matthew.del.mastro@usdoj.gov

**U.S. v. Jonathan Frank Barner** **Case No. 8:25-cr-255-JLB-SPF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Rayn Maguire, Esq.
Attorney for Defendant

/s/ *Matthew J. Del Mastro*
Matthew J. Del Mastro
Special Assistant United States Attorney
USAO No.: 203
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: matthew.del.mastro@usdoj.gov